UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

IN RE:
      LATAYNA DELPHINE PATRICK               CASE NO. 14-11203
      Debtor                                                                  CHAPTER 7

UNITED STATES TRUSTEE'S MOTION
TO DISMISS PURSUANT TO 11 U.S.C. §§707(b)(2) AND/OR (b)(3)

COMES NOW Henry G. Hobbs, Jr., Acting United States Trustee for Region 5 (hereinafter "UST"), by and through undersigned counsel, and files this Motion to Dismiss Pursuant to 11 U.S.C. §§707(b)(2)and (b)(3), and in support thereof represents to the Court as follows:

1.

The debtor commenced this case by filing a petition under chapter 7 of the Bankruptcy Code on May 28, 2014. The first date set for the chapter 7 meeting of creditors under 11 U.S.C. Section 341(a) was June 26, 2014.

2.

The debtor's scheduled debts are primarily, if not exclusively, consumer debts.

3.

The debtor filed a means test on official form B22A (hereinafter "debtor's means test") on May 27, 2014 marking 2c on the means test. The official means test form requires married debtors "not filing jointly, without the declaration of separate households" to compete both column A and column B. The Debtor's income must be listed in column A, and the non-filing spouse's income must be listed in column B. Both incomes are totaled to determine current monthly income. The Debtor indicated on the means test filed with her petition that her marital/filing status was "Married, not filing jointly", and she completed only column A,

showing her income, down to line 15. To claim the "Married, not filing jointly" status on the means test, a debtor and his/ her spouse must be legally separated or living apart other than for the purpose of evading the requirements of the Bankruptcy Code. The debtor's means test also includes a transportation vehicle operation deduction of $488.00 for two vehicles on form B22A line 22A. One line 24 the debtor takes a $517.00 vehicle ownership expense for a second vehicle. Schedule D lists one secured debt for vehicles, therefore, no second deduction is allowed on this line. The debtor includes a 24 year old son on Schedule J, but only shows a household size of 2 on the B22A.

4.

The UST reviewed the information provided by the debtor, including the debtor's pay advices, statements, schedules and Original Means Test. After making appropriate adjustments the UST prepared a means test and determined the presumption of abuse arises in this case (UST Means Test.") The UST calculates monthly disposable income of $405.75 causing the presumption to arise.

5.

The UST timely filed a statement pursuant to 11 U.S.C. §704(b)(1)(A), on July 7, 2014, indicating the presumption of abuse arises.

6.

Section 707(b)(2)(A)(i) of the Bankruptcy Code provides, in pertinent part:

> . . . the court shall presume abuse exists if the debtor's current monthly income reduced by [certain deductions] and multiplied by 60 is not less than the lesser of -
>
> (I) 25 percent of the debtor's nonpriority unsecured claims in the case or $7,025, whichever is greater; or
>
> (II) $11,725.

7.

The debtor's case is presumptively abusive under §707(b)(2)(A)(i). The Court should dismiss this case as an abuse of the provisions of chapter 7 pursuant to 11 U.S.C. §707(b)(2).

8.

This case is also subject to dismissal under a "totality of the circumstances" analysis pursuant to 11 U.S.C. §707(b)(3).

9.

Section 707(b)(3) of the Bankruptcy Code provides, in pertinent part:

"In considering ... whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption [of abuse] does not arise or is rebutted, the court shall consider-

(A) whether the debtor filed the petition in bad faith; or

(B) the totality of the circumstances ... of the debtor's financial situation demonstrates abuse."

10.

After making the required adjustments listed above, the UST Means Test calculates monthly disposable income of $405.75. The disposable income over a 60-month period would total $24,345.00. The unsecured debt shown on schedule F is $129,505.00. The debtor can pay approximately 19% of the unsecured debt over 60 months.

11.

It is abuse to grant a discharge in a chapter 7 case when the debtor has a "substantial" ability to repay debts through a chapter 13 plan. *See, e.g., In re Hill*, 328 B.R. 490, 497 (Bankr. S.D. Tx 2005).

12.

The debtor has a substantial ability to repay the unsecured debts through a chapter 13 plan. The Court should dismiss this case based on the totality of the circumstances pursuant to 11 U.S.C. §707(b)(3).

13.

The UST hereby advises he will submit to the Court for consideration at the hearing on this Motion, the case file, including all Schedules and Statements; the information provided by the debtor; the debtor's testimony at the Meeting of Creditors; the computations by the UST and any additional information which may be discovered or become relevant in the future.

14.

The debtor is not in the military service as evidenced by the attached Military Status Report (Exhibit "A").

WHEREFORE, the UST prays for an order dismissing the herein case pursuant to 11 U.S.C. §§707(b)(2) and/or (b)(3) and for all general and equitable relief which may be just and proper under the circumstances.

        Respectfully submitted,

        HENRY G. HOBBS, JR.
        Acting United States Trustee
        Region 5, Judicial Districts
       of Louisiana and Mississippi

        *__By:/s/Frances Ellen Hewitt__*
        Frances Ellen Hewitt

Frances Ellen Hewitt
Assistant United States Trustee, LA #18450
Office of the United States Trustee
300 Fannin Street, Suite 3196
Shreveport, Louisiana 71101
Telephone no. (318) 676-3456

Direct telephone no. (318) 676-3554
Facsimile no. (318) 676-3212

CERTIFICATE OF SERVICE

       I hereby certify that a copy of the above and foregoing *United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. §§707(b)(2) and (b)(3)* has been either mailed by first class mail, postage prepaid, or transmitted by CM/ECF to the following parties:

LaTanya Delphine Patrick
1906 Laurel St.
Shreveport, LA 71103

Glay H. Collier
920 Pierremont Road, Suite 511
Shreveport, LA 71106

John S. Hodge
P.O. Box 13
Shreveport LA 71161

United States Attorney's Office
Western District of Louisiana
Attn: Bankruptcy
300 Fannin Street, Ste 3201
Shreveport, LA 71101-3068

Date:   July 23, 2014              By:   */s/ Samantha Brown VonSchriltz*
                                                                  Samantha Brown VonSchriltz
                                                                  Paralegal Specialist
                                                                  Office of the United States Trustee
                                                                  300 Fannin Street, Suite 3196
                                                                  Shreveport, LA 71101
                                                                  Telephone No. (318) 676-3456