**SO ORDERED.**

**DONE and SIGNED July 23, 2014.**



_____
**STEPHEN V. CALLAWAY**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 14-11203 |
| PATRICK, LATANYA DELPHINE | ) | |
| | ) | CHAPTER 7 CASE |
| DEBTOR | ) | |

### ORDER

On July 21, 2014, this Court held a hearing and determined that:

### FINDINGS OF FACT

(a) On May 22, 2014, the district court (Hicks, J.) issued a memorandum ruling in "*Dorothy Marie Wheeler vs. Glay H. Collier, II, et al*" Case No. 11-cv-1670, in which it struck down Collier's "no money down" fee arrangement for cases filed under chapter 7 of the Bankruptcy Code where Collier collects fees by debiting a debtor's bank account after the case is commenced based upon a pre-petition debit authorization. Judge Hicks held: (a) Collier's post-petition withdrawal of funds from a debtor's bank account for payment of fees violated the automatic stay provision of § 362(a)(6) of the Bankruptcy Code; (b) the pre-petition debit authorization failed to comply with the requirements of § 528 of the Code; and (c) the pre-petition debit authorization is void pursuant to § 526(c)(1) of the Code.

(b) On May 28, 2014, LaTanya Delphine Patrick (the "**Debtor**") filed a voluntary petition for relief pursuant to chapter 7 of title 11 of the United States Code.

(c) By virtue of his appointment as interim trustee by the United States Trustee and pursuant to the provisions of §§ 701 and 702(d) of the Bankruptcy Code, John S. Hodge (the "**Trustee**") serves as the trustee in this case.

(d) Prior to the commencement of this case, the Debtor executed a retainer agreement on May 20, 2014, which authorized Glay H. Collier and The Collier Law Firm to serve as counsel in her bankruptcy case. By its terms, the pre-petition retainer agreement stated: "the fee for these services is a flat fee of $2,400." The agreement also stated: "Client(s) understands that these costs and fees are discharged by the filing of the chapter 7 and that client is under no legal obligation to repay any of them."

(e) On the same date that the pre-petition retainer agreement was signed, Debtor also signed an ACH debit authorization form which permitted Collier to automatically debit the Debtor's bank account post-petition for $200 per month for twelve (12) months, or $2,400.

(f) This chapter 7 case was filed on a "no money down" fee basis.

(g) On the date the bankruptcy petition was filed, Collier also filed other documents required by § 521 of the Code, such as Schedules, the Statement of Financial Affairs, and Statement of Intention. See Pacer Docket Entry No. 1.

(h) After the commencement of this case, the Debtor executed a post-petition retainer agreement on June 20, 2014. By its terms, that agreement provided that Collier would provide certain services, including: (i) the transmission of all necessary documents including schedules, pay stubs, tax returns and required motions to the court and/or chapter 7 trustee in order to obtain a discharge; (ii) the stopping of any garnishments active before the filing of the chapter 7 petition; (iii) all debtor(s) education fees and the filing of debtor's education certificates; and (iv) representation at the trustee § 341 meeting and any subsequent hearings requiring representation. In the post-petition agreement, the Debtor agreed to pay Collier $2,400.

(i) Collier collected periodic installment payments in this case from the Debtor post-petition pursuant to the Debtor's pre-petition ACH debit authorization.

(j) The "Trustee's Motion for Entry of an Order Disqualifying Debtor's Counsel" (the "**Motion**") was properly filed with the Court by the Trustee, on June 30, 2014, as Pacer Docket Entry No. 8.

(k) Notice of the hearing on the Motion was proper and was properly served on the Debtor, her counsel and all parties appearing on the official creditor matrix in this case.

(l) Collier filed an objection to the Motion.

## CONCLUSIONS OF LAW

(m) This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and by virtue of the reference by the district court pursuant to ULLR 83.4.1. This matter is a "core" proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A). *In re Meridian Auto. Systems– Composite Operations, Inc.*, 340 B.R. 740 (Bankr.D.Del.2006) (a motion to disqualify counsel "is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A)"). See, e.g., *Century Indem. Co. v. Congoleum Corp.* (*In re Congoleum Corp.*), 426 F.3d 675, 686 (3d Cir.2005)("One of the inherent powers of any federal court is the admission and discipline of attorneys practicing before it."); *In re Johore Inv. Co.*, 157 B.R. 671, 674 (D.Haw.1985)("[A] motion to disqualify counsel of a major secured creditor is a matter integrally tied to the administration of the estate, and disposing of such a motion is clearly a necessary function of the bankruptcy judge in presiding over the orderly administration of the estate.").

(n) The predicates for the requested relief are 11 U.S.C. §§ 105(a), 329, 362, 526 and 528 and Bankruptcy Rules 2016(b), 2017 and ULR 83.2.4 (made applicable to this case by virtue of LBR 9029-3) and the inherent power of the court to preside over the disqualification of a lawyer representing a party in a bankruptcy case. *In re Snyder*, 472 U.S. 634, 645 n. 6, 105 S.Ct. 2874 (1985). A federal court's inherent powers "include the power to control and discipline attorneys appearing before it," *Id.*, and to suspend attorneys who practice before it. *Id.*, 472 U.S. at 643, 105 S.Ct. at 2880. In addition to its inherent power, this Court has the authority to examine the transactions between a debtor and her counsel pursuant to the provisions of 11 U.S.C. §§ 105(a) and 329 and Bankruptcy Rules 2016(b) and 2017 and to enter appropriate orders for relief regarding the attorney-client arrangement between a debtor and her counsel.

(o) The Trustee has standing to file the Motion. *Brown & Williamson Tobacco Corp. v. Daniel International Corp.*, 563 F.2d 671, 673 (5th Cir.1977) ("Appellant has standing to seek disqualification even though it is not an aggrieved client because its attorneys are authorized to report any ethical violations in the case."); *In re Gopman*, 531 F.2d 262, 265 (5th Cir. 1976)("When an attorney discovers a possible ethical violation concerning a matter before a court, he is not only authorized but is in fact obligated to bring the problem to that court's attention.").

(p) In *Milavetz, Gallop & Milavetz, P.A. vs. United States*, 130 S.Ct. 1324, 1329 (2010), the Supreme Court held that an attorney who provides bankruptcy assistance to a debtor is a debt relief agency within the meaning of § 101(12A). Collier is a "debt relief agency" because he is an attorney who regularly provides bankruptcy assistance (defined in § 101(4A)) to assisted persons. The Debtor in this case is an "assisted person" within the meaning of § 101(3). Therefore, Collier must comply with the statutory duties imposed upon a "debt relief agency."

(q) By its terms, § 528(a)(1) of the Bankruptcy Code requires a debt relief agency which provides any bankruptcy assistance services to execute a written contract with an assisted person no later than 5 days after the first visit and prior to the filing of the bankruptcy petition. The contract must explain, clearly and conspicuously: (A) the services such agency will provide to such assisted person; and (B) the fees or charges for such services, and the terms of payment.

(r) In this case, neither the pre-petition retainer agreement nor the post-petition retainer agreement identified the "terms of payment" within the meaning of § 528(a)(1)(B) of the Code, including the date when the periodic installment payment was due and the amount of each payment. Instead, each agreement merely stated there would be a "flat fee of $2,400." The only document which set forth the terms of the payment was the pre-petition ACH debit authorization which specified the periodic withdrawal. The ACH debit authorization was not executed by Collier and does not constitute a written contract between a debt relief agency and an assisted person to provide any bankruptcy assistance services.

(s) Like the fee agreement struck down by Judge Hicks in *Wheeler*, the pre-petition retainer agreement and post-petition retainer agreement used in this case do not comply with the "material requirements" of § 528 and, therefore, like Judge Hicks, this Court hereby finds that they are void under § 526(c)(1)(if the contract between a debt relief agency and an assisted person for bankruptcy assistance does not comply with the "material requirements" of § 528, it "shall be void…").

(t) It was a violation of the automatic stay provisions of the Bankruptcy Code, §§ 362(a)(1) & (6), for Collier to collect money from the Debtor by virtue of the pre-petition ACH debit authorization, per Judge Hicks' ruling in *Wheeler*. Any installment payment collected by Collier pursuant to the pre-petition ACH debit agreement should be disgorged by Collier and returned to the Debtor.

(u) In the Fifth Circuit, courts initially look to the district's local rules when considering motions to disqualify. *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1312 (5th Cir.1995). In the Western District of Louisiana, ULLR 83.2.4 provides that the Louisiana Rules of Professional Conduct shall apply. The Louisiana Rules, however, "are not the sole authority governing a motion to disqualify" in federal cases. *FDIC*, 50 F.3d at 1312. "Motions to disqualify are substantive motions affecting the rights of the parties and are determined by applying standards developed under federal law." *In re Dresser Indus., Inc.*, 972 F.2d 540, 543 (5th Cir.1992). Because the Fifth Circuit recognizes the American Bar Association Model Rules of Professional Conduct as the national standard, this court will apply both the ABA Model Rules and the Louisiana Rules in its analysis. *In re ProEducation Int'l, Inc.*, 587 F.3d 296, 299 (5th Cir. 2009).

(v) Rule 1.7(a)(2) of the Louisiana Rules of Professional Conduct and the ABA Model Rule each provide, in pertinent part, as follows:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person ***or by a personal interest of the lawyer***.

State Bar Articles of Incorporation, Art. 16, Rules of Prof. Conduct, Rule 1.7, LSA-R.S. 37:222 (emphasis added); **See also** Rule 1.7, ABA Model Rules of Professional Conduct.

(w) A conflict of interest exists between Collier and the Debtor within the meaning of Rule 1.7(a)(2) of the Louisiana Rules and ABA Model Rules, because there is a "significant risk" that the representation will be "materially limited" by a "personal interest" of Collier. As a result, the provisions of Rule 8.4(a)(defining professional misconduct as the violation of the Rules of Professional Conduct) are triggered.

(x) The Trustee has provided evidence of a specifically identifiable appearance of improper conduct which proves the existence of a conflict of interest within the meaning of Rule 1.7(a)(2) of the Louisiana Rules and the ABA Model Rules. *Forsyth v. Barr*, 19 F.3d 1527, 1546 (5th Cir. 1994) (placing the burden of establishing a conflict on the party seeking disqualification).

**THEREFORE, IT IS ORDERED THAT:**

1. After examining the transactions in this case between the Debtor and her counsel and pursuant to the provisions of 11 U.S.C. §§ 105(a) and 329 and Bankruptcy Rules 2016(b) and 2017, the court, on its own initiative, hereby requires Collier to disgorge all fees collected from the Debtor by virtue of the pre-petition ACH debit authorization.

2. The pre-petition retainer agreement and post-petition retainer agreement used in this case be and are hereby void pursuant to the provisions of § 526(c)(1) of the Bankruptcy Code because they do not comply with the "material requirements" of § 528.

3. The relief requested in the Motion be and is hereby **DENIED**. Collier shall continue to serve as counsel for Debtor but shall do so without entitlement to compensation.

# # #

**ORDER PREPARED AND SUBMITTED BY:**
/s/ John S. Hodge
John S. Hodge, Bar No. 18951
P.O. Box 21990
Shreveport, Louisiana 71120-1990
(318) 226-9100
TRUSTEE